## UNITED STATES DISTRICT COURT DISTRICT OF MASSACHUSETTES

| | |
|---|---|
| **DAVID T. AND SANDY J. MARRETT** | Case No. |
| PLAINTIFFS, | Judge: |
| **ZURICH AMERICAN INSURANCE COMPANY, O'DONNELL, LEE, MCCOWAN & PHILLIPS, P.A., MONAGHAN LEAHY, LLP, WILLIAM DRUARY, JR., LAUREN K. SOUZA, AND CHRISTINE KENNEDY-JENSEN** | |
| DEFENDANT. | |

## COMPLAINT FOR DAMAGES, EQUITABLE RELIEF AND DECLARATORY JUDGEMENT

### I. INTRODUCTION: A SYSTEMIC CONSPIRACY TO EVADE LIABILITY AND DESTROY AN AMERICAN FAMILY

This lawsuit exposes a fraudulent and corrupt legal scheme orchestrated by **Zurich American Insurance Company ("Zurich")**, which, despite **never being a named party** in the underlying litigation, exerted improper influence over legal proceedings through its retained law firms: **O'Donnell, Lee, McCowan & Phillips, P.A., Monaghan Leahy, LLP,** and attorneys **J. William Druary, Jr., Lauren K. Souza, and Christine Kennedy-Jensen**. These Defendants engaged in racketeering activity, fraud on the court, and procedural manipulation, stripping Plaintiffs of their home, financial stability, and constitutional rights.

Zurich denied a valid insurance claim within six days without investigation, leaving Plaintiffs with nothing after their home was destroyed by 1.8 million gallons of water, a catastrophe

covered under their policy. And although Zurich was never a party to the foreclosure case, it secretly controlled the litigation strategy through attorneys who falsely claimed to represent the bank.

For instance, these attorneys, despite never properly appearing on the record, issued fraudulent discovery requests, filed void motions, and manipulated court rulings to protect Zurich from liability. Plaintiffs were then forced to litigate against attorneys who were not formally representing any named party, violating fundamental due process principles.

Nevertheless, the court, without any legal justification, dismissed the Plaintiffs' counterclaims and sanctioned them, all based on motions filed by attorneys who were never properly on the record.

### <u>Why This Case Matters</u>

This lawsuit is about corporate corruption and the systemic abuse of the legal system. It seeks to expose how Zurich, a foreign multi-billion-dollar insurance company, was able to secretly manipulate court rulings and evade accountability. Plaintiffs bring this case to hold Zurich and its attorneys accountable for their fraudulent litigation tactics and ensure that this corruption is brought to light, and to ensure this never happens to another American family.

Plaintiffs seek **$26,109,788.20** in damages, treble damages under RICO, punitive damages for fraud, and declaratory relief to void all rulings based on fraudulent legal actions.

### II. JURISDICTION AND VENUE

1. **Subject matter jurisdiction exists under:**

    A. **18 U.S.C. § 1964 (RICO Jurisdiction)** for Defendants' racketeering activities.

    B.  **28 U.S.C. § 1332 – Diversity Jurisdiction**, as Plaintiffs reside in Massachusetts and Defendants operate in multiple states.

    C.  **28 U.S.C. § 1367 – Supplemental Jurisdiction** for state law claims under **Mass. Gen. Laws ch. 93A & ch. 176D.**

2.  **Personal jurisdiction over Defendants is proper in the District of Massachusetts because:**

    A.  Defendants directed legal actions at Plaintiffs while they resided in Massachusetts, constituting purposeful availment.

    B.  Zurich and its attorneys engaged in a pattern of fraud that caused injury in Massachusetts.

    C.  Zurich actively conducts business in Massachusetts and maintains multiple registered corporate entities within the state.

    D.  Massachusetts has a compelling interest in protecting its residents from deceptive legal practices.

3.  **Venue is proper in the District of Massachusetts under 28 U.S.C. § 1391(b) because:**

    A.  A substantial part of the events giving rise to Plaintiffs' claims occurred in Massachusetts.

    B.  Zurich's fraudulent conduct, including litigation interference and discovery abuse, impacted Plaintiffs while they were Massachusetts residents.

4.  **Preemptive Response to Defendants' Expected Motions to Dismiss:**

    A.  **Lack of Jurisdiction:** Defendants deliberately directed legal actions at Plaintiffs in Massachusetts, causing direct harm. Massachusetts' **long-arm statute (M.G.L.**

      c. 223A, § 3) grants jurisdiction.

    B. **Res Judicata & Rooker-Feldman:** Plaintiffs are not appealing the Maine ruling, but rather filing an independent fraud, RICO, and bad faith insurance action. The Maine rulings were obtained through fraudulent attorney misrepresentation and procedural abuse, making them voidable.

    C. **Venue Challenge:** Massachusetts is the proper venue because Zurich's fraudulent legal actions affected Plaintiffs here.

### III. FACTUAL BACKGROUND

### <u>Zurich's Bad Faith Insurance Denial and Legal Conspiracy</u>

5. **May 21, 2022 - Home Destroyed by Water Loss:** Plaintiffs discovered that their home had been completely destroyed by 1.8 million gallons of water, rendering it uninhabitable. The loss was a direct result of an uncontrolled water surge, which flooded the property, causing irreparable structural damage. Plaintiffs immediately initiated the claims process under their force-placed insurance policy issued by Zurich, which was specifically designed to cover catastrophic property losses. **(EXHIBIT A – Emails validating assigned Claim number through Zurich's portal)**

6. **May 31, 2022 - Zurich Denies Claim Without Investigation:** Despite the severe and total destruction of the property, Zurich denied Plaintiffs' claim within just six days, without conducting any on-site inspection, independent damage assessment, or forensic analysis.

7. Zurich did not provide any valid basis for the denial, nor did it allow Plaintiffs the opportunity to dispute the decision before terminating the claim. Zurich's actions demonstrated clear bad faith, as they had an affirmative duty under Mass. Gen. Laws ch. 93A and ch. 176D to fairly investigate and settle claims. **(EXHIBIT B – Email closing Claim)**

8. **June 9, 2022 - Zurich Hires Attorneys Instead of Investigating Claim: Just 10 days later,** rather than honoring their contractual obligations, Zurich retained outside counsel to protect their financial interests instead of engaging in a proper claims review.

9. Zurich's sole intent in hiring legal representation was to preemptively shield itself from liability, ensuring that Plaintiffs would be left with no recourse. The attorneys, acting on behalf of Zurich, immediately shifted focus to litigation strategies rather than claim resolution, demonstrating a coordinated effort to deny coverage through procedural manipulation rather than on the merits of the claim. **(EXHIBIT C – Motion to Enlarge Time which states that they were retained by Zurich)**

10. **June 16, 2022 - Zurich's Attorneys Issue Discovery Requests Without Filing Appearances:** Without filing formal appearances or notifying the court of their representation, Zurich's attorneys issued demands and discovery requests to Plaintiffs, despite not being properly on record in the case, nor were these demands sent to any court. The timing of these discovery requests, before their formal involvement in the litigation, was a deliberate legal maneuver to influence proceedings without accountability. **(EXHIBIT D – Discovery Requests and Demands)**

11. Plaintiffs were still residing in Ohio at the time, which raises additional jurisdictional concerns, as these attorneys were directing legal actions at individuals in another state without proper legal authority.

12. **September 2022 - Zurich's Attorneys Issue Discovery Requests Without Filing Appearances:** Three months after initiating legal action, Zurich's attorneys finally filed their limited appearances in court, but only after the case had been transferred out of the original county.

13. This delay was a strategic decision designed to avoid immediate judicial scrutiny, allowing them to operate in the background while still influencing litigation. When the attorneys formally entered their appearances, they checked "third-party representation" and claimed to represent "bank board members only", none of whom were actual parties in the case. This misrepresentation was a deliberate attempt to obscure Zurich's true involvement and evade direct accountability. **(EXHIBIT E – Court Appearances)**

14. **March 1, 2024 – Plaintiff's Mother Dies; Four Days Later, Zurich's Attorneys Demand Depositions**: On March 1, 2024, Plaintiff Sandy Marrett's mother passed away after an extended illness. Just four days after her funeral, Zurich's attorneys issued demands for depositions, showing blatant disregard for Plaintiffs' personal hardship.

15. The timing of these demands was not coincidental, it was a calculated attempt to pressure Plaintiffs while they were in the midst of grieving and emotionally vulnerable.

16. Plaintiffs requested an extension, citing their recent loss and financial instability, but Zurich's attorneys opposed the request, forcing Plaintiffs to engage in litigation while suffering a personal tragedy.

17. **April 2024 – Plaintiffs File Motion for Summary Judgment:** On **April 24, 2024**, Plaintiffs, recognizing the fraudulent tactics and improper legal maneuvering by Zurich and its attorneys, filed a Motion for Summary Judgment seeking a ruling on the merits of their claims.  **(EXHIBIT F – Motion for Summary Judgment)**

18. By this time, it had become evident that the litigation against Plaintiffs was not being driven by the named party (the bank), but rather by Zurich American Insurance Company, which was never a named party but was directing legal strategy behind the scenes.

19. Despite Zurich's absence from the case as a formal party, its attorneys falsely claimed to represent the bank while actually working to shield Zurich from liability as its liability insurer. This blatant deception was central to Zurich's legal strategy, ensuring that any counterclaims against the bank would be dismissed before Zurich's involvement could be exposed.

20. **July 29, 2024 – The Court's Improper Denial of All Motions:** On July 29, 2024, after months of unjustified delays, the court summarily denied all of Plaintiffs' pending motions, including but not limited to:

   A. **Motion for Judgement as a Matter of Law**

   B. **Motion for Expedited Consideration**

   Instead of issuing a ruling based on legal merit, the court simply crossed out "So Ordered" on the proposed orders and handwrote "Denied," ignoring every legal argument presented in Plaintiffs' filings. **(EXHIBIT G – Motion for Judgement as a Matter of Law and Motion for Expedited Consideration.**

This demonstrated:

- A complete failure of due process.

- Judicial bias in favor of Zurich's hidden influence.

- A refusal to engage with overwhelming evidence of procedural fraud.

21. **October 22, 2024 – The Court Dismisses Plaintiffs' Counterclaims at Zurich's Direction:** On October 22, 2024, the court finalized Zurich's fraudulent litigation scheme by:

   A. Dismissing all of Plaintiffs' counterclaims.

   B. Granting every request made by Zurich's attorneys—despite Zurich never being a party to the case.

   C. Issuing sanctions against Plaintiffs for failing to engage in discovery, even though Zurich's attorneys had no legal standing to issue those discovery requests.

22. This decision was not based on legal merit but was a direct result of Zurich's fraudulent legal manipulation:

   A. The attorneys making the motions did not legally represent any named party.

   B. The discovery requests leading to sanctions were issued improperly.

   C. The counterclaims were dismissed without the bank ever directly litigating against Plaintiffs, because Zurich was controlling the case from behind the scenes.

# IV. CLAIMS FOR RELIEF

## Count I: Civil RICO (18 U.S.C. § 1962(c)) Against All Defendants

22. **Legal Precedent:** *Bridge v. Phoenix Bond & Indemnity Co., 553 U.S. 639 (2008)*, Establishes that RICO liability does not require direct reliance by the Plaintiff, only a scheme to defraud.

    A. **Enterprise:** Zurich, its attorneys, and the law firms acted as a coordinated litigation enterprise to manipulate court rulings and eliminate Zurich's liability.

    B. **Predicate Acts:** Wire fraud, mail fraud, obstruction of justice, and insurance fraud.

    C. **Pattern of Racketeering:** Defendants' fraudulent litigation strategies spanned over two years, meeting the continuity requirement.

    D. **Injury:** Plaintiffs lost their home, endured financial ruin, and suffered irreparable harm due to Zurich's fraudulent scheme.

## Count II: Fraud on the Court Against All Defendants

23. **Legal Precedent:** *Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944)*, Establishes that courts have the authority to void judgments obtained through fraud on the court.

    A. **Intentional Deception:** Zurich's attorneys misrepresented their role in the case, falsely claiming to represent the bank when they were working for Zurich.

    B. **Improper Influence:** Fraudulent legal filings resulted in wrongful dismissals and sanctions against Plaintiffs.

C. **Impact on Judicial Decision:** The fraud led to the wrongful foreclosure, the

dismissal of counterclaims, and the imposition of unjust sanctions.

## Count III: Bad Faith Insurance Practices (Mass. Gen. Laws ch. 93A & ch. 176D) Against

## Zurich

24. **Mass. Gen. Laws ch. 176D, § 3(9)** – Defines unfair claims settlement practices,

including:

- Failing to investigate a claim properly.
- Denying a claim without a reasonable basis.
- Forcing claimants into litigation through bad faith conduct.

A. **Duty to Pay:** Zurich had an obligation to cover the catastrophic water damage to

Plaintiffs' home.

B. **Unreasonable Denial:** Zurich denied the claim within six days without an investigation.

C. **Malicious Conduct:** Instead of evaluating the claim, Zurich hired attorneys to

manipulate legal proceedings and avoid financial liability.

D. **Damages:** Plaintiffs suffered severe financial and emotional distress due to Zurich's

deliberate bad faith practices.

## Count IV: Civil Conspiracy Against All Defendants

25. **Legal Precedent:** *Aetna Casualty & Surety Co. v. P & B Autobody, 43 F.3d 1546 (1st Cir.*

*1994),* Recognizes civil conspiracy in insurance fraud cases.

A. **Agreement to Defraud:** Zurich and the law firms coordinated a plan to mislead the court and obstruct Plaintiffs' ability to litigate their counterclaims.

B. **Overt Acts:** They submitted fraudulent filings, issued improper discovery requests, and manipulated procedural rulings to dismiss counterclaims before Zurich could be exposed.

C. **Resulting Harm:** Plaintiffs lost their home, suffered financial devastation, and were subjected to fraudulent legal proceedings.

## V. PRAYER FOR RELIEF

**Plaintiffs request the following relief:**

26. Declare that the Maine court's orders were obtained through fraudulent means and are unenforceable in this case.

27. Issue an injunction preventing Defendants from using the Maine orders as a defense in this action.

28. Recognize that Defendants' procedural misconduct and unauthorized attorney actions violated Plaintiffs' due process rights.

29. Award compensatory damages of **$26,109,788.20.**

30. Award treble damages under RICO.

31. Award punitive damages against Zurich and its attorneys for fraud.

32. Void all rulings obtained through fraudulent misrepresentation and procedural misconduct.

33. Grant any other relief that this Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on all issues so triable.

Respectfully submitted,

1-23-25

David T. Marrett
Sandy J. Marrett
495 Granby Road #2
South Hadley, MA 01075
Telephone: (843) 471-6099
Email: sandymarrett@proton.me

## DEFENDANTS SECTION

**ZURICH AMERICAN INSURANCE COMPANY**
1299 ZURICH WAY
SCHAUMBURG, IL 60196

**O'DONNELL, LEE, MCCOWAN & PHILLIPS, P.A.**
C/O MICHAEL F. PHILLIPS
325-E KENNEDY MEMORIAL DRIVE - UNIT #1
WATERVILLE, ME 04901

**MONAGHAN LEAHY, LLP**
C/O MICHAEL H. HILL
TWO MONUMENT SQUARE, SUITE 401
PORTLAND, ME 04101

**WILLIAM DRUARY, JR.**
C/O MICHAEL F. PHILLIPS
325-E KENNEDY MEMORIAL DRIVE - UNIT #1
WATERVILLE, ME 04901

**LAUREN SOUZA**
C/O MICHAEL H. HILL
TWO MONUMENT SQUARE, SUITE 401
PORTLAND, ME 04101

**CHRISTINE KENNEDY-JENSEN**
C/O MICHAEL H. HILL
TWO MONUMENT SQUARE, SUITE 401
PORTLAND, ME 04101